Johnny TACKETT, Plaintiff–Appellant,

v.

**BELLSOUTH TELECOMMUNICATIONS, INC.,** Defendant–Appellee.

No. 99–6654.

United States Court of Appeals, Sixth Circuit.

April 4, 2001.

Before DAUGHTREY and MOORE, Circuit Judges, and CARR,* District Judge.

PER CURIAM.

The plaintiff, Johnny Tackett, had worked as a service technician for defendant BellSouth Telecommunications, Inc., from May 1978 until he was fired in June 1995. Following his termination, Tackett filed a grievance through the procedures outlined in the collective bargaining agreement between his union and the company that ultimately resulted in an arbitration hearing. Finding that Tackett's termination was without just cause, the arbitrator ordered that Tackett be reinstated and receive back pay "pursuant to the terms and conditions" of the collective bargaining

---

* The Hon. James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

agreement. Tackett and BellSouth later disagreed on what terms and conditions of the collective bargaining agreement governed and, thus, how much back pay was due. Tackett then brought this action to collect lost wages and benefits and now appeals the district court's award of summary judgment to the defendant. Because the plaintiff failed to exhaust his administrative remedies, we affirm the judgment of the district court.

## PROCEDURAL AND FACTUAL BACKGROUND

Prior to his termination in 1995, plaintiff Tackett missed several periods of work due to a back injury incurred in 1989 when he fell from a pole while working. He was off work for approximately one year in 1993–94 for back surgery and subsequent blood clotting. In April 1995, Tackett reinjured his back at work and took three weeks off to recover. The day after he returned to work, on May 16, 1995, BellSouth security members spoke with Tackett as part of an investigation regarding Tackett's alleged falsification of time reports. As Tackett was rising from his seat after this meeting, his back "popped," he fell to the floor, and he was unable to return to work. On June 8, 1995, BellSouth fired Tackett, citing falsification of his time reports as the reason for his termination.

As a service technician, Tackett was a member of the Communications Workers of America. At the time, the union and BellSouth were parties to a collective bargaining agreement that established a grievance and arbitration procedure through which the union could challenge BellSouth's decision to discipline or discharge an employee. As required by the agreement, Tackett presented his grievance to BellSouth three times, but without resolution. On May 1, 1996, a union representative indicated in the grievance record that arbitration was requested. A letter between union representatives dated February 27, 1997, indicated that the arbitration review committee had approved "expedited arbitration." The arbitration hearing was held on October 2, 1997, and on November 26, 1997, the arbitrator issued his finding that BellSouth did not have just cause to fire Tackett. The arbitrator ordered that BellSouth immediately reinstate Tackett, restore all lost seniority, and "pay Mr. Tackett back wages pursuant to the terms and conditions of the Collective Bargaining Agreement."

Tackett returned to work on December 3, 1997. On March 12, 1998, the BellSouth Manager of Labor Relations, Lois Clark, provided a computation of Tackett's compensation to the union representative. Explaining Tackett's entitlement to "total wages lost," Clark cited a section of the collective bargaining agreement that limited recovery of back pay in expedited arbitrations to a maximum of nine months. Clark stated that because Tackett was fired on June 8, 1995, the applicable nine months were from June 9, 1995 to March 8, 1996. Clark further noted that the collective bargaining agreement presupposed that "an employee would be working had they not been removed from the payroll." Indicating that Tackett had received temporary total disability benefits under the state workers' compensation statute during the relevant nine months, Clark concluded that "back pay is not due." Clark then indicated that Tackett was entitled to the $ 1,100 bonus he would have received in August of 1995, 1996, and 1997. Despite having missed two and one half years of work due to what the arbitrator found to be unjust termination, Tackett received a net total of only $ 1,925.55 (gross total $ 3,300) from BellSouth, excluding workers' compensation collected during part of that time.

On November 30, 1998, Tackett filed a complaint in state court, claiming that BellSouth failed to pay approximately $ 74,000 in lost wages (excluding the amount collected in worker's compensation), and approximately $ 73,000 in various benefits. Within a month, BellSouth filed a notice of removal to federal court based on preemption under § 301 of the Labor Management Relations Act, 29 U.S .C. § 185(a), which gives district courts original jurisdiction in suits involving the interpretation of collective bargaining agreements. Subsequently, the district court granted BellSouth's motion for summary judgment on the ground that Tackett "failed to file a grievance to resolve the issue of back pay despite the Collective Bargaining Agreement's language which contains exclusive and final procedures for resolution of employee grievances."

## DISCUSSION

■ Tackett asserts that the district court erred in finding that the collective bargaining agreement contained exclusive and final procedures for resolution of employee grievances, including the issue of Tackett's back pay. The agreement, however, contains the following arbitration clause:

23.01 Arbitration.

.　　　.　　　.　　　.　　　.

B. If at any time a controversy should arise between the *parties* regarding the true intent and meaning of any provisions of this or any other agreement between the parties or a controversy as to the performance of an obligation hereunder, which the parties are unable to *resolve* by use of the grievance procedure, the matter *will* be arbitrated upon written request of either party to the other. (Emphasis in original.)

Applying this court's holding in *Alford v. General Motors Corp.*, 926 F.2d 528, 530

(6th Cir.1991), the district court held that Tackett was "required to exhaust any grievance procedure contained in the collective bargaining agreement" before bringing suit under § 301 of the Labor Management Relations Act. We agree, concluding that he should have filed a new grievance based on the company's failure to provide him with what he considered to be the proper amount of back pay. In order to avail himself of such a remedy, he would, of course, have had to file the grievance within the time period specified in the collective bargaining agreement. Alternatively, Tackett would have had to allege that the union breached its duty of fair representation, in order to maintain an action under § 301. No such allegation has ever been made in this case.

■ The plaintiff argues for the first time on appeal that the district court should have remanded the back pay issue to the original arbitrator for clarification, a remedy that is available when the arbitrator's award is deemed "ambiguous." *See United Steelworkers of America v. New Idea Farm Equipment Corp.*, 917 F.2d 964 (6th Cir.1990) (district courts have authority to remand to arbitrator for clarification of ambiguous award). As the company points out, however, the back pay dispute between Tackett and his employer results not from an ambiguity in the arbitration award, which clearly contemplates assessment of back pay under a section of the contract specifically governing calculation of back pay in the event that the employee's discharge is found to be unjustified. Instead, this dispute arises from disagreements between the parties concerning the effect of Tackett's receipt of worker's compensation payments during the relevant period of his nonemployment and whether the company's liability should extend past the nine months provided in the contract for an "expedited arbitration." In view of this disagreement, the parties' respective

interpretations of the back-pay provision should have been submitted to grievance and arbitration. Because the plaintiff failed to exhaust his remedies under the contract, the district court had no basis on which to entertain his suit against his employer, and it was properly dismissed.

For these reasons, the judgment of the district court is AFFIRMED.